UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WISSAM T. HAMMOUD,

    *Plaintiff*,                         CASE NO. 14-14398

*v.*

US ATTORNEY,[1]                  DISTRICT JUDGE SEAN F. COX
FEDERAL BUREAU          MAGISTRATE JUDGE PATRICIA T. MORRIS
OF INVESTIGATION
FEDERAL BUREAU OF PRISONS
TRANSPORTATION SECURITY
ADMINISTRATION

    *Defendants*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**I.    RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss (Doc. 20) be granted and Plaintiff's Motions for Summary Judgment (Doc. 9), for Reconsideration on Oral Argument (Doc. 18), and for Clarification on Appointment of Counsel (Doc. 19) all be DENIED as moot. It is also RECOMMENDED that Plaintiff's Emergency Motion for a Temporary Restraining Order (Doc. 30) be denied.

---

[1] Plaintiff's allegations against this defendant appear to be directed against the United States Attorney's Office Middle District of Florida. *See* Doc. 3 at 4. United States Attorney offices are subdivisions of the Department of Justice. *The United States Attorney's Office Middle District of Florida*, United States Department of Justice, http://www.justice.gov/usao-mdfl (last updated Jan. 28, 2015).

## II. REPORT

### A. Introduction

Plaintiff Wissam T. Hammoud filed this action on July 11, 2013 in United States District Court for the District of Oregon.[2] (Docket Sheet from Oregon, Doc. 5 at 2.) On February 18, 2014, the Complaint was dismissed for failure to name a proper defendant and Plaintiff was given thirty days to cure the deficiency with an amended complaint. (*Id.*) On February 20, 2014, the court provided Plaintiff a "Prisoner Civil Rights Complaint" form to amend his complaint. (*Id.*) On March 6, 2013, Plaintiff filed his Amended Complaint, naming the U.S. Attorney, Federal Bureau of Investigation ("FBI"), the Federal Bureau of Prison ("FBOP"), the Transportation Security Administration ("TSA"), and Yvonne Coates as defendants. (Am. Compl. 1, ECF No. 19.) On April 11, 2014, the Amended Complaint was dismissed because it named an individual, which is not allowed under the Privacy Act; Plaintiff was given thirty days to cure the deficiency. (Order to Dismiss, Apr. 11, 2014, ECF No. 20.) On May 27, 2014, Plaintiff filed his Second Amended Complaint, which consisted entirely of a completed Prisoner Civil Rights Complaint form, but did not include any of the attachments from his first Complaint. (Doc. 3.) On November 12, 2014, this case was transferred from the District of Oregon to this District. (Doc. 4.)

Plaintiff's claim arises under Section 552a of the Privacy Act of 1974—he asserts that his FBOP record falsely identifies him as both an international and a domestic

---

[2] The Complaint was originally construed as a Petition for Writ of Habeas Corpus, but upon a motion from Plaintiff, the District of Oregon later clarified that it was an action brought under the Privacy Act of 1974. (Docket Sheet from Oregon, Doc. 5 at 3.)

terrorist. (Doc. 3 at 4.) On January 12, 2015 District Judge Sean F. Cox referred pretrial matters to the undersigned magistrate judge. (Doc. 3.) The following motions are presently before the Court:

(1) Plaintiff's December 22, 2014 Motion for Summary Judgment (Doc. 9);

(2) Defendants' Motion to Dismiss (Doc. 20);

(3) Plaintiff's Motion for reconsideration on oral argument (Doc. 18);

(4) Plaintiff's Motion for Clarification on Appointment of Counsel (Doc. 19); and

(5) Plaintiff's Emergency Motion for a Temporary Restraining Order (Doc. 30).

On February 6, 2015, Defendants filed a Response to Plaintiff's Motion for Summary Judgment. (Doc. 21.) On March 16, 2015, Plaintiff filed a Response to Defendants' Motion to Dismiss.[3] (Doc. 23.) Therefore, the Motions are ready for report and recommendation without oral argument. *See* E.D. Mich. L.R. 7.1(f)(2).

On February 10, 2006, Plaintiff pleaded guilty to retaliating against a witness in violation of 18 U.S.C. § 1513, solicitation to commit murder in violation of 18 U.S.C. § 373, use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). (Doc. 20-9 at ID 224.) He was committed to the custody of the FBOP to be imprisoned for a total of 240 months. (*Id.* at ID 225.) Plaintiff attached the following records to his original

---

[3] Plaintiff entitled his Response "Respond by Plaintiff to the Defendants Response § 552a(g)(5)." (Doc. 23 at 1.) Because the nature of the filing was unclear, the Court gave Plaintiff twenty-one days to clarify whether this was a Reply to Defendants' Response or a Response to Defendants' Motion to Dismiss. (Doc. 25.) On April 8, 2014, Plaintiff wrote that the Motion was a "'Reply' to the government's Motion to Dismiss." (Doc. 27.) Even though Plaintiff used the word Reply, the Court will treat this as a Response to Defendants' Motion to Dismiss. First, it seems clear that Plaintiff intended the filing to address Defendants' Motion to Dismiss. Additionally, if the Court construed it as a Reply, then there would be no Response to Defendants' Motion to Dismiss.

Complaint: (1) a "Final Complaint" from the Middle District of Florida, in which the "nature of offense" is identified as "international terrorism"; (2) a "criminal complaint" from the Middle District of Florida, in which the "nature of offense" is identified as "domestic terrorism"; and (3) a "Transfer Request" dated March 21, 2006, in which the "USA-5 code" is identified as "domestic terrorism." (Doc. 20-9 at ID 227-29.) Plaintiff is currently incarcerated at the Federal Correctional Institute in Milan, Michigan. (Doc. 20 at 152.)

Because the cause of action arises from the Privacy Act of 1974, defendants in this case are all federal agencies. The claim against the United States Attorney is that "[t]he AUSA in Tampa, FL willfully and [d]eliberately stated the nature of my offense [to the FBI and FBOP] as [i]nternational [t]errorism, which is false." (Doc. 3 at 4.) The claims against Defendant FBI appears to be that the "FBI case agent has willfully [and] deliberately listed [Plaintiff] as a licensed pilot from Europe, and [kept] several other false documents," and "willfully and deliberately" listed Plaintiff as having explosives at his home and defrauded the United States. (*Id.*) Plaintiff does not specifically explain his claim against Defendant FBOP, but he appears to take issue with its knowingly maintaining these false records. (*Id.*) Finally, Plaintiff complains that Defendant TSA has refused to give him any of his records. (*Id.*)

### B.     Standard of Review

Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant

4

fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007). "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted). Additionally, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his or] her claim.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443l, 445 (6th Cir. 1997) (finding that the consideration of other

5

materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment). When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989).

    **C.**    **Governing Law and Analysis**

Defendants argue that (1) the Privacy Act's statute of limitation bars Plaintiff's suit, (2) the Privacy Act bars suits over law enforcement records, and (3) Plaintiff failed to exhaust his administrative remedies in his claim against the TSA. (Doc. 20 at ID 156-58.)

The Privacy Act of 1974 allows an individual to "bring a civil action against" an agency whenever that agency:

> **(A)** makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection;
>
> **(B)** refuses to comply with an individual request under subsection (d)(1) of this section;
>
> **(C)** fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that

> may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or
>
> **(D)** fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual . . . .

5 U.S.C. § 552a(g)(1).

Section 552a(g)(5) of the Privacy Act establishes a two-year statute of limitations for Privacy Act claims:

> An action to enforce any liability created under this section may be brought . . . within two years from the date on which the cause of action arises, except that where an agency has materially and willfully misrepresented any information required under this section to be disclosed to an individual and the information so misrepresented is material to establishment of the liability of the agency to the individual under this section, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

5 U.S.C. § 552a(g)(5). "The limitations period for a Privacy Act claim begins to run when the plaintiff knows or has reason to know (or 'should have known') of the alleged violation by a federal agency." *Boyd v. United States*, 932 F. Supp. 2d 830, 835 (S.D. Ohio 2013).

Defendants argue that Plaintiff had notice that a potential cause of action had arisen six years before he brought his claim to federal court. They point to a letter dated June 29, 2007 from the Regional Director of the United States Department of Justice in response to Plaintiff's appeal of placement in a "High Risk Two-Hour Watch Program."[4]

---

[4] Plaintiff did not attach any exhibits to his Second Amended Complaint, which consists entirely of a filled-out Civil Rights Complaint form. However he was clearly referring to the exhibits attached to his original complaint when he said "see exhibits." Defendant also attached the letter to his Motion to

7

(Doc. 20-9 at ID 230.) The letter stated that Plaintiff met "the criteria for enhanced security measures due to [his] classification as an International Terrorist Associate." (*Id.*)

Defendants assert that this letter demonstrates that Plaintiff was aware of the terrorist classification as early as June 29, 2007 and therefore his claim is barred by the statute of limitations. I suggest that Defendants are correct. Even if Plaintiff were able to show that Defendants "materially and willfully misrepresented any information," the latest he would have been able to bring the matter to federal court would have been June 29, 2009. *See* 5 U.S.C. § 552a(g)(5). However, Plaintiff did not file this claim until July 11, 2013. Therefore, the only way that Plaintiff's claim could survive is upon an equitable theory of relief from the statute of limitations.

Plaintiff cites *Boyd v. United States* 923 F. Supp. 2d 830 (S.D. Ohio 2013) for the proposition that the Court should apply equitable estoppel or equitable tolling to his case. (Doc. 23 at ID 294.) "Under the doctrine of equitable tolling, courts may toll the statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Boyd*, 923 F. Supp. at 838 (quoting *Robertson v. Simpson*, 624 F.3d. 781, 785-86 (6th Cir. 2010)). The Sixth Circuit uses the following five factors in this analysis: "(1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Truitt v.*

---

Dismiss. I suggest, therefore, that because the letter is central to Plaintiff's claim and referenced in the operative complaint, it is appropriate for the Court to consider it. *See Nieman*, 108 F.3d at 1554.

8

*County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). "Although equitable tolling may be applied in suits against the government, courts will only do so 'sparingly,' and not when there has only been 'a garden variety claim of excusable neglect.'" *Ayers v. U.S.*, 277 F.3d 821, 828 (6th Cir. 2002) (quoting *Irwin v. Department of Veterans' Affairs*, 498 U.S. 89, 96 (1990)).

Plaintiff attempts to show his diligence by claiming he "notified the U.S. Attorney, FBI, [and] the FBOP general counsel," but received no response. (Doc. 23 at 6.) He states that he has written to "U.S. government agencies (OPR, OIG, etc.) in Washington, DC, and a number of U.S. Senators and Congressmen/Congresswomen in office." (*Id.*) Attached to his first complaint is a log[5] of the government officials he attempted to contact along with the date they were contacted. (Doc. 20-9 at ID 234.) For example, he attempted to contact President Obama on January 4, 2013. (*Id.*) However, none of the dates on this list are earlier than 2012. (*Id.*) Therefore, I suggest that it would not be appropriate for the Court to apply the doctrine of equitable tolling in this case.

Plaintiff also would like the Court to apply equitable estoppel to his case. In *Boyd* the court found that "[f]or equitable estoppel to apply, a plaintiff must demonstrate a defendant engaged in "egregious wrongdoing" or "improper conduct" upon which the plaintiff reasonably relied and which prevented plaintiff from suing in time." *Boyd*, 923 F. Supp. 2d at 838 (citing *Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 891 (6th Cir. 1996)). I suggest that Plaintiff has not shown that the defendants interfered

---

[5] As indicated above, Plaintiff did not attach anything to his Second Amended Complaint, but referenced the attachments from his first complaint, which Defendants attached to their Motion to Dismiss.

with his ability to file suit, and therefore it would not be appropriate for the Court to apply equitable estoppel to his case.

Finally, I suggest that because the statute of limitations issue is dispositive, it is not necessary to consider Defendants arguments on exclusion of law enforcement records from the purview of the Privacy Act or the argument regarding exhaustion of remedies.

### D. Plaintiff's Emergency Motion for a Temporary Restraining Order

On April 29, 2015, Plaintiff filed an Emergency Motion for a Temporary Restraining Order. (Doc. 30.) In it, he asks the Court to enjoin the FBOP from a "retaliatory transfer" to a different institution. (*Id.* at 2.) It is unclear from the Motion what protected conduct Defendant FBOP is allegedly retaliating against.

Where, as here, the adverse party has been given notice of the requested injunctive relief, the application is properly treated as one for a preliminary injunction. *Rios v. Blackwell*, 345 F. Supp. 2d 833, 835 (N.D. Ohio 2004). Preliminary injunctions are extraordinary remedies designed to "preserve the relative positions of the parties until further proceedings on the merits can be held." *Certified Restoration Dry Cleaning Network, L.L. C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007); *see also University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). "The purpose of a preliminary injunction is simply to preserve the status quo." *United States v. Edward & Sons*, 387 F.3d 258, 261 (6th Cir. 2004). The relief is an extraordinary remedy, "'involving the exercise of a very far-reaching power.'" *Leary v. Daeschner*, 228 F.2d 729, 739 (6th Cir. 2000) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991)). The movant carries the burden of "proving that the circumstances clearly demand" the

preliminary injunction. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The proof required to obtain a preliminary injunction "is much more stringent than the proof required to survive a summary judgment motion." *Leary*, 228 F.2d at 739.

Whether to grant such relief is a matter within the discretion of the district court. *Certified Restoration*, 511 F.3d at 540. The following factors are considered in determining whether to grant a preliminary injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction. *Id.* at 542. These are "factors to be balanced, not prerequisites that must be met." *Id.* Courts have long held that "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000). Finally, "[w]here a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting." *Schuh v. Michigan Dep't of Corr.*, No. 1:09-CV-982, 2010 WL 3648876, at *1 (W.D. Mich. July 26, 2010).

To begin with, a temporary restraining order to prevent the FBOP from retaliating against Plaintiff by transferring him does not make sense in a Privacy Act claim. Plaintiff never argues retaliation in his Second Amended Complaint. In the relief section of his

11

Second Amended Complaint, he asks the Court to "Review all the documents in my record . . . in order to clear all false information on [the] record." (Doc. 3 at 6.)

Above, I recommend dismissing Plaintiff's Privacy Act claim, so the likelihood of success factor clearly weighs against Plaintiff in his only claim asserted in the Second Amended Complaint. But the factor would also weigh heavily against Plaintiff if the Court actually considered the merits of a retaliatory transfer claim. The Sixth Circuit has held that generally a transfer to another institution "does not constitute an adverse action since a transfer is merely an ordinary incident of prison life." *Siggers-El v. Barlow*, 412 F.3d 693, 704 (6th Cir. 2005). Plaintiff has not alleged any exceptional circumstances that could transform a transfer into an adverse action, such as any allegation that the transfer was to a more dangerous prison unit, or that the transfer effectuated a loss of job which rendered him unable to pay his attorney. *Hermansen v. Ky Dep't of Corr.*, 556 F. App'x 476, 477 (6th Cir. 2014), *citing Siggers-El* and *Morris v. Powell*, 449 F.3d 682, 686-87 (5th Cir. 2006). Therefore, I suggest dismissing Plaintiff's Emergency Motion for Temporary Restraining Order.

### E. Conclusion

For all the reasons stated above, I recommend that Defendants' Motion to Dismiss (Doc. 20) be granted and Plaintiff's Motions for Summary Judgment (Doc. 9), for Reconsideration on Oral Argument (Doc. 18), and for Clarification on Appointment of Counsel (Doc. 19) all be denied as moot. I also recommend that Plaintiff's Emergency Motion for a Temporary Restraining Order (Doc. 30) be denied.

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 30, 2015                              S/ Patricia T. Morris
                                                  Patricia T. Morris
                                                  United States Magistrate Judge

## CERTIFICATION

    I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class mail to Wissam T. Hammoud #39876-018 at FCI Milan, P.O. Box 1000, Milan, MI 48160.

Date: April 30, 2015                              By s/Kristen Krawczyk
                                                   Case Manager to Magistrate Judge Morris

14