UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Wissam Hammoud,

    Plaintiff,

v.                                        Case No. 14-14398

United States Attorney, *et al.*,        Sean F. Cox
                                                     United States District Court Judge

    Defendants.
_____/

## **ORDER**

Acting *pro se*, Plaintiff filed this action asserting claims against the United States Attorney, the Federal Bureau of Investigation, the Federal Bureau of Prisons, and the Transportation Security Administration. This Court referred all pretrial matters in this action to Magistrate Judge Patricia Morris. (*See* Docket Entry No. 11).

On April 30, 2015, Magistrate Judge Morris issued a Report and Recommendation (Docket Entry No. 31) wherein she recommends that: 1) Defendants' Motion to Dismiss (Docket Entry No. 20) be granted; and 2) Plaintiff's Motion for Summary Judgment (Docket Entry No. 9), Motion for Reconsideration on Oral Argument (Docket Entry No. 18), and for Clarification on Appointment of Counsel (Docket Entry No. 19) be denied as moot. She also recommends that Plaintiff's Emergency Motion for a Temporary Restraining Order (Docket Entry No. 30) be denied.

With respect to her recommendation that the Court grant Defendant's Motion to Dismiss, Magistrate Judge Morris concluded that this is action is barred by the applicable statute of limitations.

1

Magistrate Judge Morris's Report and Recommendation expressly advised Plaintiff that he must file any objections to the Report and Recommendation within fourteen days and that "[a]ny objections must be labeled as 'Objection No., 1,' 'Objection No. 2,' etc." and that "Any objection must recite precisely the provision of this Report and Recommendation to which it pertains." (Report and Recommendation at 13).

The April 30, 2015 Report and Recommendation reflects that a copy of the Report and Recommendation was sent to Plaintiff, via first class mail, to Plaintiff's then-current address, an institutional address in Milan Michigan. (Report and Recommendation at 14).

After no objections were filed within the time period for doing so, in an Order issued on August 12, 2015, this Court adopted the Report and Recommendation.

In subsequent filings (*see* Docket Entry Nos. 51, 52, 53, and 54) Plaintiff asserted that he never received a copy of the April 30, 2015 Report and Recommendation because he was transferred to another facility "on or about April 29, 2015." (Docket Entry No. 51 at 1). Plaintiff, however, did not file a notice of change of address with the Court until June 22, 2015. (*See* Docket Entry No. 40). In any event, Plaintiff claims to have not received the Report and Recommendation and asks that the Court: 1) send him a copy of the April 30, 2015 Report and Recommendation; and 2) then allow him time to file objections to it.

As such, out of an abundance of caution and in light of Plaintiff's *pro se* status, this Court issued an Order on October 15, 2015 wherein it Ordered that:

Having considered Plaintiff's requests, the Court hereby **ORDERS** that:

1) that the docket manager is directed to mail a copy of April 30, 2015 Report and Recommendation to Plaintiff at the last address provided to the Court by Plaintiff (Federal Correctional Center, Terminal Island, P.O. Box

       3007 San Pedro, CA 90731); and

2)    **Plaintiff shall file any objections to the April 30, 2015 Report and Recommendation no later than October 30, 2015**. Plaintiff is cautioned that **no further extensions shall be granted.** Plaintiff is also reminded that, as set forth in the Report and Recommendation, "Any objections must be labeled as 'Objection No. 1,' 'Objection No. 2', etc." and that "Any objection must recite precisely the provision of [the] Report and Recommendation to which it pertains." (Report and Recommendation at 13).

(Docket Entry No. 55).

In response to that order, on November 3, 2015, Plaintiff filed a written submission, that attached extraneous exhibits, wherein Plaintiff expressed disagreement with the magistrate judge's conclusion that this action is barred by the applicable statute of limitations. While Plaintiff's filing fails to comply with the court rule and this Court's directives as to the presentment of objections, his filing indicates that he disagrees with the magistrate judge's conclusion. Plaintiff contends that there "can be no statute of limitations" because he believes a new cause of action should accrue every time he is referred to as a terrorist by an employee of the Federal Bureau of Prisons.

The Privacy Act provides, in pertinent part, that "[a]n action to enforce any liability created under this section may be brought ... within two years from the date on which the cause of action arises...." 5 U.S.C. § 552a(g)(5). And as the Government notes, Plaintiff does not dispute the magistrate judge's finding that Plaintiff knew of the alleged record he challenges in this action back in 2007. As such, the Court finds Plaintiff's objections to the R&R to be without merit.

Accordingly, having considered and rejected Plaintiff's objections to the R&R, this Court

continues to believe that it appropriately adopted the April 30, 2015 Report and Recommendation in Docket Entry No. 48 and the Court shall re-issue the Judgment and **CLOSE** this action.

    **IT IS SO ORDERED.**

Dated: December 14, 2015            S/ Sean F. Cox
                                                    Sean F. Cox
                                                    U. S. District Judge

I hereby certify that on December 14, 2015 a copy of the foregoing document was served upon counsel of record via electronic means and upon Wissam Hammoud via First Class Mail at the address below:

Wissam T. Hammoud 39876-018
Federal Correctional Center
Terminal Island
P.O. Box 3007
San Pedro, CA 90731

                                                                S/ J. McCoy
                                                                 Case Manager